# Kay, Appellant, v. Gray.

*Mortgage—Affidavit of defense—Deed—Delivery.*

On a scire facias sur mortgage, the heirs of a decedent filed an affidavit of defense in which they alleged that after the death of the decedent who was seized of the land, there was found among his effects a deed for the same naming the mortgagor as grantee, but which had never been delivered to him, or any one for him, that the mortgagor without the authority or consent

of the heirs took and recorded the deed, and on the same day also without their knowledge or consent, executed the mortgage in suit, and that the mortgagor never acquired any title from the decedent, nor from any of his heirs or assigns to or in the land described in the writ, and had no right to mortgage or incumber the same; that in a prior equity suit between deponents and the mortgagor and mortgagee, the court below in a decree affirmed by the Supreme Court had decreed the invalidity of the mortgage in question. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Jan. 20, 1904.   Appeal, No. 58, Jan. T., 1904, by plaintiff, from order of C. P. Lackawanna Co., May T., 1903, No. 137, discharging rule for judgment for want of a sufficient affidavit of defense in case of Thomas W. Kay v. Angus C. Gray et al.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense appear by the opinion of the Superior Court.

*Error assigned* was the order discharging rule for judgment.

*A. A. Vosburg*, with him *Charles W. Dawson*, for appellant.

*T. J. Davies*, with him *Wm. W. Lathrup*, for appellees.

PER CURIAM, March 14, 1904:

This was a sci. fa. sur mortgage given by Angus C. Gray to Thomas W. Kay on October 5, 1899, upon land of which Angus Cameron died seized on September 29, 1899, and which upon his death descended to his heirs at law.   They were made parties to the writ in the mode prescribed by sec. 1 of the Act of April 23, 1903, P. L. 261.   The affidavit of defense, which was made by one of them in behalf of all, alleges that after the death of Angus Cameron there was found among his effects a deed for the same premises naming Gray as grantee but which had never been delivered to him or any one for him, that Gray without the authority or consent of the heirs took and recorded the deed and on the same day, also without their knowledge or con-

sent, executed the mortgage in question to Kay, and that Gray never acquired any title from the decedent nor from any of his heirs or assigns to or in the land described in the writ and had no right to mortgage or incumber the same. These facts constitute a prima facie defense : Van Amringe v. Morton, 4 Wharton, 382; Critchfield v. Critchfield, 24 Pa. 100; Clauer v. Clauer, 22 Pa. Superior Ct. 395. How far the defendants' right to question the validity of the mortgage would be affected by proof on the trial that the decedent after signing, sealing and acknowledging the deed was negligent in the manner of keeping it is a question not fairly before us at this time and need not be discussed. No presumption of negligence arises from the facts averred in the affidavit.

But the court was warranted in refusing to enter judgment upon another ground. The appellees aver that in a suit in equity between them as plaintiffs and Kay and Gray as defendants, in which the validity of this mortgage, as well as of the Gray deed, was in issue, the court decreed, first that the Gray deed was null and void for want of delivery and " that the same be and is hereby set aside," second that Gray reconvey in fee simple the land described in the deed and mortgage, and third " that the mortgage for $1,000 executed by said defendant, Angus C. Gray, in favor of Thomas W. Kay, the other defendant, dated October 5, 1899, and recorded on the same day, is not a valid lien or incumbrance upon the land therein described, being the same land described above;" which decree having been appealed from by the defendants in that suit was affirmed by the Supreme Court in the following terms : " The decree in this case is affirmed on the opinion of Judge EDWARDS." The case is reported under the title Cameron v. Gray, in 202 Pa. 566. So far as we have been able to discover there is no ground whatever for the contention that the decision of the Supreme Court does not apply to that part of the decree relating to the validity of the mortgage. The decree was affirmed as an entirety, and as the case is now presented the question of the validity of the mortgage must be regarded as res judicata.

Appeal dismissed at appellant's cost without prejudice, etc.